IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RUEBENA PATTERSON | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-08-CV-2195-M |
| | § | |
| UNITED STATES GOVERNMENT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Ruebena Patterson, a resident of Dallas, Texas, against the United States Government. On December 11, 2008, plaintiff tendered a one-page complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. After screening the complaint, the court determines that this action is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

II.

Plaintiff generally alleges that she has been defamed at her workplace and elsewhere in society. Illustrative of plaintiff's claims are that she has been tracked with a remote control bracelet,

-1-

that she is followed and ridiculed everywhere she goes, that her telephone and computer are being monitored, and that the media and society have labeled her in negative ways. Plaintiff further alleges that she has been falsely accused of being a terrorist and murdering her ex-husband. By this suit, plaintiff seeks between $100,000 and $300,000 in monetary damages.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes, *inter alia*, that the action "is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint is without an arguable basis in law if it is grounded upon an untenable or discredited legal theory. *Neitzke*, 109 S.Ct. at 1831. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *see also Denton v. Hernandez*, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, her complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Patterson v. United States Government*, No. 3-08-CV-1730-K, 2008 WL 5061800 (N.D. Tex. Nov. 25, 2008) (dismissing complaint alleging that unidentified government agents tracked plaintiff with remote control bracelet, transmitted messages through television ads and her pastor, and threatened to put plaintiff in a dungeon); *Melton v.*

*American Civil Liberties Union*, No. 3-07-CV-0856-M, 2007 WL 2263953 (N.D. Tex. Jul. 30, 2007) (dismissing complaint alleging that ACLU and its attorneys, acting as unregistered Russian agents, violated plaintiff's civil rights and those of other Americans by using the courts to attack the United States Constitution and set up a Communist government); *Jackson v. Johnson*, No. 3-05-CV-1230-H, 2005 WL 1521495 (N.D. Tex. Jun. 27, 2005), *rec. adopted*, 2005 WL 1668084 (N.D. Tex. Jul. 13, 2005), *appeal dism'd*, No. 05-10939 (5th Cir. Jan. 16, 2006) (dismissing complaint alleging that FBI conspired with local and state police to invade plaintiff's privacy through "highly sophisticated surveillance techniques, computerized mind control, and satellite weaponry"); *Johnson v. Drug Enforcement Agency*, No. 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004), *appeal dism'd as frivolous*, 137 Fed.Appx. 680, 2005 WL 1444386 (5th Cir. Jun. 21, 2005) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemicals and sleep-inducing drugs); *Daniel v. FBI*, No. 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States).

C.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*,

989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *1 (N.D. Tex. May 5, 2003), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Plaintiff has filed three different lawsuits against the United States government within the last three months. Two cases, including the instant lawsuit, either have been or will be dismissed as frivolous. *See Patterson v. United States Government*, No. 3-08-CV-2195-M (N.D. Tex., filed Dec. 11, 2008); *Patterson*, 2008 WL 5061800 at *2. The third case, wherein plaintiff alleges that the government retaliated against her for divorcing her ex-husband, also appears to be frivolous. *Patterson v. United States Government*, No. 3-08-CV-2118-K (N.D. Tex., filed Dec. 1, 2008). In view of this conduct, plaintiff should be warned that the filing of any frivolous lawsuits in the future may result in the imposition of sanctions, including an order barring her from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## **RECOMMENDATION**

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2). In addition, plaintiff should be warned that the filing of any frivolous lawsuits in the

future may result in the imposition of sanctions, including an order barring her from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 15, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE